UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE APPLICATION OF USA PURSUANT TO 18 U.S.C. 3512 FOR 2703(d) ORDER FOR ONE E-MAIL ACCOUNT AND ONE DOMAIN NAME SERVICED BY NAMECHEAP, INC. | ML No.  21-ML-139 |

*Reference:*    DOJ Ref. # CRM-182-75423; Subject Accounts: sale@sereneimpulses.com and sereneimpulses.com

## APPLICATION OF THE UNITED STATES
## FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d)

The United States of America, moving by and through its undersigned counsel, respectfully submits this *ex parte* application for an Order, pursuant to 18 U.S.C. §§ 2703(d) and 3512(a), and the Treaty Between the Government of the United States of America and the Principality of Liechtenstein on Mutual Legal Assistance in Crimnal Matters, Liech.-U.S., S. TREATY DOC. NO. 107-16 (2002) (hereinafter, the "Treaty"), to execute a request from the Principality of Liechtenstein ("Liechtenstein").  The proposed Order would require Namecheap, Inc. ("PROVIDER"), an electronic communication service and/or remote computing service provider located in Los Angeles, California, to disclose certain records and other information pertaining to the PROVIDER accounts associated with the e-mail account sale@sereneimpulses.com and the domain name sereneimpulses.com, as set forth in Part I of Attachment A to the proposed Order, within ten days of receipt of the Order.  The records and other information to be disclosed are described in Part II of Attachment A to the proposed Order.

In support of this application, the United States asserts:

## LEGAL BACKGROUND AND JURISDICTION

1. PROVIDER is a provider of an electronic communication service, as defined in 18 U.S.C. § 2510(15), and/or a remote computing service, as defined in 18 U.S.C. § 2711(2). Accordingly, the United States may use a court order issued under § 2703(d) to require PROVIDER to disclose the items described in Part II of Attachment A. *See* 18 U.S.C. § 2703(c)(2) (Part II.A of Attachment A); 18 U.S.C. § 2703(c)(1) (Part II.B of Attachment A).

2. Pursuant to the applicable treaty, this Court has jurisdiction to issue the proposed Order. *See* Treaty art. 5(1) (authorizing courts to issue orders necessary to execute the request). In addition, this Court has jurisdiction to issue the proposed Order because it is "a court of competent jurisdiction," as defined in 18 U.S.C. § 2711. 18 U.S.C. § 2703(d). Specifically, the Court "is acting on a request for foreign assistance pursuant to [18 U.S.C.] section 3512." 18 U.S.C. § 2711(3)(A)(iii); *see also* 18 U.S.C. § 3512(a)(2)(B) (court may issue "a warrant or order for contents of stored wire or electronic communications or for records related thereto, as provided under section 2703"); 18 U.S.C. § 3512(c)(3) ("application for execution of a request from a foreign authority under this section may be filed . . . in the District of Columbia").

3. Section 3512 provides:

> Upon application, duly authorized by an appropriate official of the Department of Justice, of an attorney for the Government, a Federal judge may issue such orders as may be necessary to execute a request from a foreign authority for assistance in the investigation or prosecution of criminal offenses, or in proceedings related to the prosecution of criminal offenses, including proceedings regarding forfeiture, sentencing, and restitution.

18 U.S.C. § 3512(a)(1). This application to execute Liechtenstein's request has been duly authorized by an appropriate official of the Department of Justice, through the Criminal

Division, Office of International Affairs,[1] which has authorized execution of the request and has delegated the undersigned to file this application. The undersigned has reviewed the request and has confirmed that it was submitted by authorities in Liechtenstein in connection with a criminal investigation and/or prosecution.

4.      A court order under § 2703(d) "shall issue only if the governmental entity offers specific and articulable facts showing that there are reasonable grounds to believe that . . . the records or other information sought, are relevant and material to an ongoing criminal investigation." 18 U.S.C. § 2703(d). Accordingly, the next section of this application sets forth specific and articulable facts showing that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation.

## RELEVANT FACTS

5.      Authorities in Liechtenstein are investigating an unknown suspect(s) for fraud offenses, which occurred from August 11, 2020 to and including August 13, 2020, in violation of the criminal law of Liechtenstein, specifically, Sections 108, 126c, and 148a of the Liechtenstein Criminal Code. A copy of the applicable laws is appended to this application. The United States, through the Office of International Affairs, received a request from Liechtenstein to provide the requested records to assist in the criminal investigation and/or prosecution. Under the Treaty, the United States is obligated to render assistance in response to the request.

---

[1] The Attorney General, through regulations and Department of Justice directives, has delegated to the Office of International Affairs the authority to serve as the "Central Authority" under treaties and executive agreements between the United States and other countries pertaining to mutual assistance in criminal matters. *See* 28 C.F.R. §§ 0.64-1, 0.64-4, and Appendix to Subpart K, Directive Nos. 81B and 81C (2018).

6. According to authorities in Liechtenstein, on or around August 11, 2020, an unknown suspect(s) sent a phishing e-mail to a citizen of Liechtenstein (the "victim") from the e-mail account sale@sereneimpulses.com. The unknown suspect(s) had designed the e-mail account to appear as though the victim's bank (the "Bank") had sent the e-mail.

7. In this e-mail, the unknown suspect(s) directed the victim to provide his personal information and confirm his online login credentials with the Bank on a secure webpage belonging to the Bank. Believing that the Bank had sent the e-mail, the victim followed the instructions in the e-mail, and clicked on the provided link, which directed the victim to a webpage designed to appear as though it belonged to the victim's bank. The victim entered his login credentials for his bank account on this website, which provided access to his account to the unknown suspect(s).

8. Shortly thereafter, the unknown suspect(s) initiated a transfer from the victim's bank account in the amount of EUR 2,980 (approximately USD 3,623) to a bank account located at a bank in Germany and belonging to a person named Jacqueline Pathe.

9. The victim belatedly realized that the e-mail account sale@sereneimpulses.com did not belong to the Bank and he contacted the Bank to block his account and stop all future transfers.

10. On August 13, 2020, the victim filed a criminal complaint with Liechtenstein authorities. Liechtenstein authorities later learned that German media had publicly reported on a fraud scheme involving phishing e-mails associated with the Bank. Further, the sophistication involved in creating the phishing e-mail and the fake website lead Liechtenstein authorities to believe that the victim is likely the victim of a fraud scheme perpetuated by an organized group of individuals.

11.     To further their investigation and help determine the identity and location of the unknown suspect(s), authorities in Liechtenstein seek certain records regarding the e-mail account sale@sereneimpulses.com and the domain name sereneimpulses.com, which are serviced by PROVIDER.

## **REQUEST FOR ORDER**

12.     The facts set forth above show that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation. Specifically, these items will help authorities in Liechtenstein identify and locate the individual(s) who are responsible for the criminal activity under investigation, and to determine the nature and scope of that criminal activity. Accordingly, the United States requests that PROVIDER be directed to produce all items described in Part II of Attachment A to the proposed Order within ten days of receipt of the Order.

>                             Respectfully submitted,
>
>                             VAUGHN A. ARY
>                             DIRECTOR
>                             OFFICE OF INTERNATIONAL AFFAIRS
>                             OK Bar Number 12199
>
>                         By: _/s/ Jason F. Cunningham_____
>                             Jason F. Cunningham
>                             Trial Attorney
>                             MA Bar Number 673495
>                             Office of International Affairs
>                             Criminal Division, Department of Justice
>                             1301 New York Avenue, N.W., Suite 200
>                             Washington, D.C.  20530
>                             (202) 616-3596 telephone
>                             (202) 514-0080 facsimile
>                             Jason.Cunningham@usdoj.gov

## **Relevant Provisions of the Liechtenstein Criminal Code**

**Section 108 – Deception**

1) Any person who purposefully causes injury to the rights of another person by deceiving such other person or a third party about facts in order to induce such other person or the third party to do, acquiesce in or omit to do an act, thus causing the injury, shall be punished with imprisonment of up to one year or a monetary penalty of 720 daily rates.
2) The perpetrator shall only be prosecuted with the authorization of the person whose rights have been injured, unless the act has been committed by means of deception of an official in relation to official duties.

**Section 126c - Improper use of Computer Programs or Access Data**

1) Any person who develops, launches, distributes, alienates, otherwise makes accessible, procures or possesses
    1. a computer program which given its particular nature has been evidently developed or adapted to commit the act of obtaining illegal access to a computer system (§ 118a), to violate the secrecy of communication (§ 119), to commit the act of an improper interception of data (§ 1190), to cause damage to data (§ 126a), to cause interference with the functioning of a computer system (§ 126b), or to commit a fraudulent misuse of data processing (§ 148a), or any comparable device of this kind, or
    2. a computer password, an access code, or comparable data that enables total or partial access to a computer system, and does so with the intent to use them to commit any of the offences set out in sub-paragraph 1 shall be punished with imprisonment of up to six months or with a monetary penalty of up to 360 daily rates.
2) No person shall be punished in accordance with paragraph 1 if such person voluntarily prevents that the computer program or comparable device referred to in paragraph 1 or the password, access code, any data comparable thereto be used in any of the manners set out in § 118a, § 119, § 119a, § 126a, § 126b or § 148a.  If there is no danger of any such use or if such danger has been eliminated without any contribution by the perpetrator, the perpetrator shall not be punished if, not having any knowledge thereof, he voluntarily and earnestly endeavors to eliminate such danger.

**Section 148a - Fraudulent Misuse of Data Processing**

1) Any person who, with the intent to unlawfully enrich himself or a third party, causes damage to the assets of another person by influencing the results of automatic data processing by designing the program, by entering, changing, deleting, or suppressing data, or by otherwise intervening in the flow of the processing procedure shall be punished with imprisonment of up to six months or with a monetary penalty of up to 360 daily rates.

2) Any person who commits the act on a commercial basis or through the act causes damage in an amount exceeding 7,500 francs shall be punished with imprisonment of up to three years.  Any person who through the act causes damage in an amount exceeding 300,000 francs shall be punished with imprisonment of one to ten years.